**Bruce R. THOMSEN, Appellant,**

v.

**Leonard W. LEVINE, Commissioner, Department of Human Services, Respondent.**

**No. C5-86-07.**

Court of Appeals of Minnesota.

April 29, 1986.

Review Denied June 19, 1986.

Bruce R. Thomsen, pro se.

Hubert H. Humphrey, III, Atty. Gen., Blake Shepard, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Bruce Thomsen appeals from a trial court decision affirming the administrative order reducing his general assistance benefits by the amount of cash gifts he received. We affirm.

## FACTS

Appellant Bruce Thomsen, a general assistance recipient, is a resident of People Serving People, a community based residential facility for the mentally ill. General assistance pays People Serving People $359 for Thomsen's room and board and gives Thomsen $40 per month for his clothing and personal needs.

In January and February of 1985, Thomsen dutifully and voluntarily reported the receipt of cash gifts from relatives and friends on his monthly household reports to the Hennepin County Welfare Board. In January, he reported $25 in cash gifts, $10 from Muriel Thomsen and $15 from Dora McAlster. In February, Thomsen reported a $30 cash gift from McAlster. Subsequently, Thomsen's general assistance grant for February was reduced by $25, and his grant for March was reduced by $30. The reduction was taken from the portion of appellant's grant that was paid directly to People Serving People. That institution then required appellant to pay the difference between the amount it received and its monthly charges for Thomsen's room and board.

Thomsen challenged the validity of the reductions, arguing that the gifts should not be considered as countable income for the purposes of calculating his general assistance.[1] A referee recommended affirming the county's reduction, and the Commissioner adopted the referee's findings and conclusions. Thomsen then appealed to the district court, which affirmed the Commissioner's order.

## ISSUE

Did the Commissioner err in finding that the cash gifts reported by appellant are countable income?

---

1. In addition, Thomsen's January grant was reduced by $54 as a result of his report of cash and gifts received in December, and he also appealed that action. The referee did not make findings regarding, nor does the record indicate, what amount of the $54 was in cash or what was the nature of the gifts Thomsen received.

Because Thomsen appealed the county's action reducing his January grant more than 90 days following the date of the action, however, the referee determined that Thomsen did not have standing to appeal the $54 reduction and so did not consider the issue.

## ANALYSIS

Judicial review of the trial court's order is authorized by Minnesota's welfare laws. *See* Minn.Stat. § 256.045, subd. 9 (1984). The trial court properly applied the scope of review as set forth in the Administrative Procedure Act, which provides that a reviewing court may reverse or modify the decision of a state agency only if the decision violated constitutional provisions, exceeded the agency's authority or jurisdiction, was made upon unlawful procedure, was affected by an error of law, was unsupported by substantial evidence, or was arbitrary or capricious. *See* Minn.Stat. § 14.69 (1984). Appellate courts have previously declined to interfere with what is perceived to be the Commissioner's broad discretion to fairly administer public assistance. *See Brunner v. State of Minnesota, Department of Public Welfare,* 285 N.W.2d 74, 79 (Minn.1979).

■ The rules governing administrative agency procedures provide that a general assistance recipient's monthly payment must be "the difference between the applicable state assistance standard, or the local agency standard, and the [recipient's] countable income." Minn.R. 9555.3402, subd. 3 (1985) (promulgated pursuant to Minn.Stat. §§ 256D.01, subd. 1; 256D.03; 256D.04 (1984)). *See also* Minn.Stat. § 256D.06, subd. 1 (1984) (explaining in similar terms the method of computing general assistance grants). The rules define "countable income" as:

> net earned and unearned income that is not exempt or disregarded under the general assistance program and which is actually available to the recipient during the month covered by the grant.

Minn.R. 9555.3400, subd. 8 (1985). Thus, Thomsen's general assistance grant may be reduced in any given month by unearned income that was actually available to him.

Income is defined to exclude "[g]oods and services provided in lieu of cash payment." Minn.Stat. § 256D.02, subd. 8 (1984). Accordingly, the value of noncash gifts are not included in a recipient's countable income. However, because the stat-ute's language is otherwise inclusive and contains no other specific exclusions, we are bound by the Commissioner's discretion and cannot as a matter of law exclude the cash gifts received by Thomsen from his countable income.

■ Thomsen argues that the rules defining countable income are without force because they conflict with the definition of income in the state tax code. *See* Minn. Stat. § 290.01, subd. 20 (1984). This argument is without merit because the definitions in that statute are expressly limited in their application to the provisions in the tax code and thus do not supercede Minn.R. 9555.3400, subp. 8. *See* Minn.Stat. 290.01, subd. 1 (1984). It was within the Commissioner's discretion to deduct the cash gifts from Thomsen's general assistance grant.

We recognize that it would be difficult to endorse the merits of the Commissioner's decision. Considerable resources have been invested in this case, reducing efforts the public might prefer to see made in dealings with more serious and deceptive practices. Moreover, the deduction of such modest gifts from a welfare recipient's grant encourages deceit in the preparation of reports for the agency and discourages the giving of simple kindnesses to underprivileged persons. Nevertheless, because of the broad discretion afforded the Commissioner, we must affirm the decision here.

## DECISION

The Commissioner did not err as a matter of law in determining that the cash gifts reported by appellant were countable income.

Affirmed.